FILED
APR - 4 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CATARINA GONZALES, Individually and as Next Friend and Agent on Behalf of E.G., A Minor Child., <br><br> Plaintiff, <br><br> v. <br><br> SETON FAMILY OF HOSPITALS D.B.A. BRACKENRIDGE HOSPITAL D.B.A. CHILDREN'S HOSPITAL OF TEXAS; PEDIATRIC CRITICAL CARE ASSOCIATES; AUSTIN CHILDREN'S CHEST ASSOCIATES; and DR. DAVID LAKEY, ALBERT HAWKINS, DR. DONALD PATRICK, GREG ABBOTT, and RONNIE EARLE, in their official capacities, <br><br> Defendants. | CASE NO. <br><br> **VERIFIED COMPLAINT** <br><br> **A07CA267 SS** |

Now comes Plaintiffs Catarina Gonzalez and E.G. and for their complaint against Defendants avers the following:

## I.

## INTRODUCTION

1. This case is brought to vindicate the fundamental constitutional rights of E.G., a sixteen month old boy facing certain death at the hands of Defendant hospital and doctors in Austin, Texas acting under color of state law.

2. Section 166.046 of the Texas Health & Safety Code allows doctors and hospitals the absolute authority and unfettered discretion to terminate life support of any patient with a terminal or irreversible decision, despite the existence of an advance directive or parental decision to the contrary. The defendant doctors and hospital in this case have applied the

procedures in Section 166.046 to E.G., and he is scheduled to have his life support removed on April 10, 2007, thus warranting immediate intervention by this court.

3. Section 166.046 violates E.G. rights to privacy and due process of law, and violates his mother's right to make medical decisions for her minor child guaranteed to them by the First and Fourteenth Amendments to the United States Constitution.

4. The Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for the Defendants' violation of their rights.

5. If successful, the Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988.

## II.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), because it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), because it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983; under 28 U.S.C. § 2201(a) to secure declaratory relief; and under 28 U.S.C. § 2202 to secure preliminary and permanent injunctive relief and damages.

7. Venue is proper in the United States District Court for the Western District of Texas under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred within the district and because the Defendants are residents of or are located in the district.

### III.

### IDENTIFICATION OF PLAINTIFF

8. Plaintiff Catarina Gonzales, a resident of Caldwell County, Texas, brings this suit individually and as next friend and agent on behalf of E.G., a minor child who is incompetent or incapable of communication.

### IV.

### IDENTIFICATION OF DEFENDANTS

9. Defendant Seton Family of Hospitals ("Hospital") is a not-for profit entity which manages Brackenridge Hospital d.b.a. Children's Hospital of Austin whose principal business address 601 East 15th Street, Austin, TX 78701 USA. Defendant Hospital is doing business at 601 East 15th Street, Austin, TX 78701 USA. Service of process may be effected on Defendant Hospital, in any one or more of the following ways:

   A. By serving Michael J. Regier, Senior Vice President, Legal Affairs, General Counsel and Corporate Responsibility Officer. Seton Family of Hospitals at 601 East 15th Street, Austin, TX 78701 USA, or at any other place where he may be found.

   B. By serving any other officer or general partner of Defendant Hospital or any other officer of any general partner of Defendant Hospital, residing or found in the State of Texas.

10. Defendant Pediatric Critical Care Associates is a not-for profit entity doing business at 1201 West 38th Street, Austin, TX. 78705 USA and may be served with process by serving James Lindsey at his place of business at 1201 West 38th Street, Austin, TX. 78705 USA, or at any other place where he may be found.

Plaintiff's Verified Complaint                                3

11. Defendant Austin Children's Chest Associates (with Pediatric Critical Care Associates collectively referred to as "Doctors") is a not-for profit entity doing business at 1201 West 38th Street, Austin, TX. 78705 USA and may be served with process by serving James Lindsey at his place of business at 1201 West 38th Street, Austin, TX. 78705 USA, or at any other place where he may be found.

12. Defendant Dr. David Lakey is sued in his official capacity as Commissioner of the Texas Department of State Health Services ("DSHS"). As Commissioner of DSHS, Defendant Lakey is charged with enforcement, *inter alia*, of laws related to the provision and termination of hospital services, including services under Texas Health & Safety Code § 166.046. This Defendant may be served by serving Cathy Campbell, General Counsel of DSHS, at 1100 West 49th Street, Austin, TX 78756.

13. Defendant Albert Hawkins is sued in his official capacity as Executive Commissioner of the Texas Health and Human Services Commission ("HHSC"). As Executive Commissioner of HHSC, Defendant Hawkins is charged with enforcement, inter alia, of law related to the provision and termination of hospital services, including services under Texas Health & Safety Code § 166.046. This Defendant may be served by serving Carey Smith, General Counsel of HHSC, at 4900 N. Lamar Blvd., Austin, TX 78751-2316.

14. Defendant, Dr. Donald Patrick is sued in his official capacity as Executive Medical Director for the Texas Medical Board. As Executive Medical Director of the Texas Medical Board, Dr. Patrick is charged with enforcement, inter alia, of law and regulation regarding the practice of medicine, including services under the Texas Occupations Code and

under Texas Health & Safety Code § 166.046 and 166.045. This Defendant may be served by serving Dr. Donald Patrick at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

15. Defendant, Ronnie Earle, J.D., is sued in his official Capacity as District Attorney of Travis, County, Texas. As District Attorney of Travis County, Texas, Defendant Earle is charged with enforcing the Criminal Statutes and Penal Code of Texas within Travis County. This Defendant may be served at his official place of business at 509 W.11th St, Austin, TX 78701

16. As this suit involves a constitutional challenge to a state statute and claims against two state agency officials, a copy of this suit shall also be served on Texas Attorney General Greg Abbott by serving Assistant Attorney General David Morales, Price Daniel Sr. Building, 8th Floor, 209 W. 14th St., Austin, Texas 78701.

V.

STATEMENT OF FACTS

17. E.G. is 17 months old. He was admitted into the Hospital on or about December 28, 2006 with a condition that, after admission, necessitated the use of a ventilator and nasogastric tube. The Defendant Hospital and Doctors have represented that E.G. has Leigh's Disease, a progressive condition which affects the nervous system and is considered terminal. Defendants have not definitively diagnosed E.G. as having this disease. This condition is treated by the administration of large amounts of thiamine – which is essentially vitamin therapy. E.G. is also currently on a respirator.

18. Defendant Hospital assigned Defendant Doctors to care for E.G.. Plaintiff, Catarina Gonzales, as E.G.'s mother is the person responsible for making health care decisions

for E.G., because E.G. is a minor and incompetent to communicate his wishes.

19. During a several month period immediately prior to the filing of this suit, Defendant Hospital and Defendant Doctors informed Plaintiff on several occasions that they desired to withdraw life-sustaining treatment for E.G. On each such occasion, Plaintiff objected and did not consent to or authorize withdrawal of any life-sustaining treatment for E.G.

20. Section 166.046 of the Texas Health & Safety Code provides that, once a treating physician decides that life-sustaining treatment for a patient with a terminal or reversible condition is no longer "medically appropriate," the physician may consult with the patient's appropriate decision-maker about removing treatment immediately.

21. If the family or the patient's advanced medical directive is in conflict with the doctor's decision, a hospital "ethics committee" meets to review the doctor's decision. If the hospital affirms the doctor's decision, the patient has only 10 days to find a hospital or other long-term care facility to which to transfer before the doctor may legally terminate the life-sustaining treatment, and thus the patient's life.

22. In this case, the Hospital Ethics Committee has met twice concerning E.G.. The first meeting occurred on February 19, 2007. After that meeting, the Committee determined that either another facility or a physician with privileges at Defendant Hospital should evaluate for placement of a tracheostomy and g-tube so that E.G. could be transferred to a long term care facility or home with home care. The hospital represented to the Plaintiff that it was searching for another hospital.

23. Then, on March 2, 2007, during a meeting with the Doctors represented to the family that E.G. was not a candidate for the tracheotomy because of his pulmonary status.

24. On Friday, March 9, 2007 a representative of the Defendant Hospital's ethics committee hand-delivered some papers to Plaintiff at the Hospital Facility. The papers invited Plaintiff to attend an Ethics Committee Meeting on March 12, 2007 at 11:00 am in the Hospital Facility. Included with the papers was what was purported to be (1) a list of long-term acute care facilities in Travis, Texas and surrounding areas, (2) a copy of Advance Directives Act, Tex Health & Safety Code Ann., tit. 2, subtit. H, ch. 166, subch. B, § 166.052 (2003), and (3) a copy of Advance Directives Act, Tex Health & Safety Code Ann., tit. 2, subtit. H, ch. 166, subch. B, § 166.053 (2003).

25. On Friday, March 9, 2007, the Ethics Committee of Defendant Hospital ("Committee") began a meeting in of the Hospital Facility. Also in attendance at the beginning of the meeting were representatives of Defendants Pediatric Critical Care Associates and Austin Children's Chest Associates.

26. At the meeting, Defendants Pediatric Critical Care Associates and Austin Children's Chest Associates informed the Committee that they refused to honor Plaintiff Gonzales' health care decision to provide life-sustaining treatment to E.G.

27. Plaintiff informed the Committee of her health care decision to provide her son with life-sustaining treatment. She stated that her son's condition had improved and informed the Committee that she desired life-sustaining treatment for her son, because he is responsive to her and every moment of life that he has to spend with her is of inestimable value and benefit to her and her son.

28. After over an hour, the Committee closed the room to everyone except committee members in order to confer and review the refusal of Defendant Doctors to honor the health care

Plaintiff's Verified Complaint                                7

decision of Plaintiff. Plaintiff was not invited to attend and did not attend the Committee's private conference.

29. On Monday, March 12, 2007, the Committee served a written decision upon Plaintiff, which stated that the hospital's "aggressive treatment plan" was an "assault on the human dignity" of E.G., and the "burden" of his treatment outweighs the benefit to E.G. or his mother. Apparently, the Committee determined that a respirator and vitamin therapy (thiamine) are an "aggressive treatment plan." No definition of "aggressive treatment plan" was provided. The Committee Chair stated that if a provider could not be found to give life-sustaining treatment to E.G. within 10 days, all life-sustaining treatment provided by Defendant Hospital and Defendants Pediatric Critical Care Associates and Austin Children's Chest Associates would be withdrawn at the end of that period, which will end E.G.'s life soon after. Plaintiff strenuously objects to the Committee's decision.

30. Subsequent to this decision, Plaintiff filed her original petition and application for TRO in state probate court alleging violations of state law. Attorneys for Plaintiff and for the Defendant Hospital reached a Rule 11 compromise that E.G.'s life support would continue until April 10, 2007, to effectuate a transfer.

31. However, Plaintiff has since learned that the Defendant Hospital and Doctors have not made reasonable efforts to cooperate with Plaintiff's transfer attempts. Specifically, Defendant Doctors have informed Plaintiff that they are "too busy" to return phone calls from inquiring potential-transfer hospitals.

32. Finally, Plaintiff has learned that the state probate court has canceled the hearing set for today, April 4, 2007 at 1 p.m., and that no hearing time is available that will allow

Plaintiff sufficient time to appeal or seek other relief before April 10, 2007, the day that the Hospital and Doctors will terminate E.G.'s life-sustaining treatment and he will die.

33.   Thus immediate action is needed by this Court.

### CHALLENGED STATUTE

34.   The Hospital and Doctors are relying on Texas Health and Safety Code Section Chapter 166 in making the decision to withdraw life-sustaining support from E.G. or any other patient with an irreversible or terminal condition.

35.   Specifically, the Hospital and Doctors are relying on Section166.046 which states in part that:

> (d) If the attending physician, the patient, or the person responsible for the health care decisions of the individual does not agree with the decision reached during the review process under Subsection (b), the <u>physician shall make a reasonable effort to transfer the patient to a physician who is willing to comply with the directive</u>.
> . . . .
> (e) If the patient or the person responsible for the health care decisions of the patient is requesting life-sustaining treatment that the attending physician has decided and the review process has affirmed is inappropriate treatment, the patient shall be given available life-sustaining treatment pending transfer under Subsection (d). The patient is responsible for any costs incurred in transferring the patient to another facility. The physician and the health care facility <u>are not obligated to provide life-sustaining treatment after the 10th day after the written decision required under Subsection (b) is provided to the patient</u> or the person responsible for the health care decisions of the patient unless ordered to do so under Subsection (g).
> . . . .
> (f) Life-sustaining treatment under this section may not be entered in the patient's medical record as medically unnecessary treatment until the time period provided under Subsection (e) has expired.
> (g) At the request of the patient or the person responsible for the health care decisions of the patient, the appropriate district or county court shall extend the time period provided under Subsection (e) only if the court finds, by a preponderance of the evidence, that there is a reasonable expectation that a physician or health care facility that will honor the patient's directive will be found if the time extension is granted.

(Emphasis added)

Plaintiff's Verified Complaint                                     9

36. The statute imposes no safeguards to ensure that hospitals or doctors "reasonably assist" in a transfer within the meaning of the statute.

37. The statute does not provide adequate safeguards to protect against the conflict of interest inherently present when the treating physician's decision is reviewed by the hospital ethics committee to whom he or she has direct financial ties.

38. The statute does not provide adequate safeguards to protect against the conflict of interest inherently present when the hospital ethics committee is reviewing a decision that will impact the hospital to which it has direct financial ties.

39. The statute does not provide adequate safeguards to protect against the possibility that a malpractice case could go completely unnoticed by rushing a victim through the process under Section 166.046 and ending the patient's life without adequate time to investigate.

## VI.

### STATEMENTS OF LAW

40. Each and all of the acts herein alleged of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color of state law.

41. Though the Defendant Hospital and Doctors are private institutions and individuals, they have been delegated the authority to affirmatively end a person's life by withdrawing treatment over the appropriate decision-maker's objection and as such they are state actors for purposes of this case.

42. Unless and until the enforcement of Section 166.046 and Defendants' actions identified herein are enjoined, Plaintiffs will suffer, and continue to suffer, irreparable harm to

Plaintiff's Verified Complaint                                         10

their constitutional rights.

## VII.

## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

43. Plaintiff hereby incorporates by reference all foregoing allegations as if set forth fully herein.

### Due Process

44. Defendants have enforced Section 166.046 and practices against M.A.L. in an *ad hoc* and arbitrary manner, detached from a fixed and identifiable policy standard.

45. Section 166.046 and the Defendants reviewing process both as written and as applied to E.G., are vague, such that they fail to provide persons of ordinary intelligence a reasonable opportunity to understand what conduct they allow and what they prohibit, and they authorize and encourage arbitrary and discriminatory enforcement by Defendants.

46. During the ethics committee process described above, Plaintiff had no right to be heard, had no right to cross-examine or even ask questions of the attending physician refusing to honor her health care decisions, had no right to have legal counsel present, and had no procedural or evidentiary rights of any kind. In short, the hearing given to E.G.'s case at the Committee meeting was anything but a fair hearing for one whose life was at stake.

47. Under Sec. 166.046, a fair and impartial tribunal did not and could not hear E.G.'s case. Committee members from the treating hospital cannot be fair and impartial, when the propriety of giving E.G. expensive life-sustaining treatment must be weighed against a potential economic loss to the very Defendant Hospital that provides those members with privileges and a

Plaintiff's Verified Complaint                                11

source of income. Members of a fair and impartial tribunal should not only avoid a conflict of interest, they should avoid even the appearance of a conflict of interest, especially when a patient's life is at stake. That does not occur, when a hospital ethics committee hears a case under Sec. 166.046 for a patient within its own walls. The objectivity and impartiality essential to due process are nonexistent in such a hearing.

48.  Finally, Sec. 166.046 is so lacking in specificity that no meaningful due process can be fashioned from it and, as a result, it is unconstitutional. For example, Sec. 166.046 does not contain or suggest any ascertainable standard for determining the propriety of continuing E.G.'s life-sustaining treatment or the propriety of the attending physician's refusal to honor Plaintiff's health care decisions. This case is the more egregious when the Committee decision is couched in philosophical, rather than medical, terminology. In effect, the Committee has substituted its own view of "quality of life" and "human dignity" for the views held by E.G.'s mother. This is not contemplated by the statute and the Committee's approach thus renders the statute vague, ambiguous, and overbroad.

49.  This vagueness, overbreadth, and over all lack of procedural process was and is exploited to infringe on E.G.'s rights to due process and privacy.

### Privacy

50.  There is a constitutional right of privacy encompassing the right of a competent individual to refuse unwanted medical treatment. There is also a constitutional right of a parent to direct the upbringing of her children.

51.  Section 166.046 to the contrary delegates the authority to make a "substituted judgment" for the patient in question to the treating hospital and doctors without any evidentiary

standard at all.

52.   Thus, Section 166.046 interferes with E.G.'s right to privacy and Catarina Gonzales' right to make the decision for her minor child.

### Injury

53.   As a direct result of Defendants' violation of Fourteenth Amendment rights, as alleged herein, Plaintiffs have suffered are continuing to suffer a legal injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests judgment against Defendants and that this Court:

A.   Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declarations shall have the force and effect of final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

B.   Immediately issue a Temporary Restraining Order and Preliminary Injunction enjoining Defendants from enforcing Texas Health & Safety Code Section 166.046 against Plaintiffs;

C.   Pursuant to 28 U.S.C. § 2201, declare that Defendants' ethics committee review of E.G.'s case was unconstitutional and violated his rights guaranteed under the Fourteenth Amendment to the United States Constitution;

D.   Pursuant to 28 U.S.C. § 2201, declare that Texas Health & Safety Code Section 166.046, as alleged above, violates on its face and as applied to Plaintiffs the Fourteenth Amendment to the United States Constitution;

E.     Pursuant to 28 U.S.C. § 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, preliminarily and permanently enjoin Defendants from unconstitutionally infringing upon Plaintiffs' rights to due process of law and privacy.

F.     Award damages to Plaintiffs to vindicate their constitutional rights which were violated by Defendants;

G.     Pursuant to 42 U.S.C. § 1988 and other applicable law, award Plaintiffs their costs and expenses of this action, including reasonable attorneys' fees;

H.     Grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted this 4 day of April, 2007.

By: _____
Jerri Lynn Ward
GARLO WARD P.C.
Texas Bar No. 20844200
505 East Huntland Drive, Suite 335
Austin, Texas 78752
512.302.1103, ext. 115
512.302.3256 (Telecopier)

and

Joshua W. Carden, Esq.
Joshua Carden Law Firm, P.C.
Texas Bar No. 24050379
1916 Martin Drive, Suite 300
Weatherford, Texas 76086
817.598.0011
817.598.0009 (Telecopier)

Attorneys for Plaintiffs

Plaintiff's Verified Complaint                      14

## VERIFICATION

I, the undersigned, citizen of the United States, resident of the State of Texas, and parent and legal guardian of E.G. have read the foregoing Verified Complaint and declare under the penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Dated this 4th day of April, 2007

*[signature]*
Catarina Gonzales,
Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Catarina Gonzales, ind + for E.G.

**DEFENDANTS**
Seton Hospital et al

(b) County of Residence of First Listed Plaintiff: **Caldwell**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Travis**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Garlo Ward, P.C. 505 E Huntland Dr #335 Austin, TX 78752
(512) 302-1103

Attorneys (If Known)
Michael Reiger

RECEIVED APR 4 2007 CLERK U.S. DISTRICT WESTERN DISTRICT OF TEXAS BY DEPUTY CLERK

A07CA267 SS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause: Prevention of Life-support withdrawal

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE Sparks  MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL

405722

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at _Austin_

RECEIVED FROM _Garlo Ward PC_
_505 E. Huntland Dr. #335_
_Austin TX 78752_

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60 00 |
| 604700 | Registry Funds | 510000 | 190 00 |
| | General and Special Funds | 086400 | 100 00 |
| 508800 | Immigration Fees | TOTAL | 350.00 |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Case Number or Other Reference: 1:07-CV-267

New Case
Gonzales v. Seton

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn. 7306

DATE 4-4 20 07   Cash | Check X | M.O. | Credit   DEPUTY CLERK: [signature] C

4-5-07